UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00270-1-F
No. 5:11-CV-00568-F

| | | |
|---|---|---|
| SANDY RAY YARBOROUGH, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on motion by petitioner Sandy Ray Yarborough ("Yarborough") to vacate his sentence pursuant to 28 U.S.C. § 2255, in light of the Fourth Circuit Court of Appeals' opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *See* Motion [DE-36], filed October 18, 2011, and Memorandum [DE-43]. The Government has filed a Response [DE-46] in opposition to Yarborough's motion, incorporating its own Motion to Dismiss. Yarborough has filed a Reply [DE-47].

**BACKGROUND FACTS and PROCEDURAL HISTORY**

Yarborough pled guilty on February 4, 2008, to one count of conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine pursuant to 21 U.S.C. § 846. The United States Probation Office determined that Yarborough was responsible for a total marijuana equivalency of 13,582.2 kilograms, calling for a base offense level of 36, as the drug quantity was at least 10,000 kilograms but less than 30,000 of marijuana. Pursuant to advisory USSG § 2D1.1, Application Note 10, the base offense level was reduced by two levels to offense level 34.

Under then-existing Fourth Circuit law, *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), *cert. denied*, 546 U.S. 919 (2005), the Probation Office identified two prior North Carolina convictions and applied the career offender enhancement, USSG § 4B1.1, resulting in a

base offense level of 37, from which three levels were subtracted for Yarborough's acceptance of responsibility. The total offense level of 34, together with criminal history category of VI (by virtue of Yarborough's career offender designation), yielded an advisory USSG range of 262-327 months. The court allowed the Government's motion for downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), and imposed a sentence of 180 months, representing an approximate 30% departure below the lower end of the advisory guideline range. Yarborough did not appeal his conviction or sentence.

On October 18, 2011, Yarborough filed a *pro se* motion to vacate, set aside, or correct his sentence [DE-36], pursuant to 28 U.S.C. § 2255, in light of the Fourth Circuit Court of Appeals' ruling in *Simmons*. Counsel was appointed to assist Yarborough in prosecuting his *Simmons* motion for relief.

**ANALYSIS**

I. Timeliness

The Government contends that Yarborough's § 2255 motion is untimely and must be dismissed. The Government first argues that Yarborough's Judgment [DE-26] became final on May 27, 2008,[1] pursuant to § 2255(f)(1), resulting in the expiration of the limitations period on May 27, 2009. However, Yarborough did not file the instant motion until October 18, 2011.

Alternatively, the Government argues that Yarborough's motion is not timely under § 2255(f)(3), which provides that the one-year statute of limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* The Government points out, first, that *Simmons* is not a Supreme Court

---

[1] Citing *Clay v. United States*, 437 U.S. 522, 532 (2003), the Government contends that Yarborough's judgment became final when the time expired within which he could file a notice of appeal.

2

case, and, second, to the extent Yarborough relies instead on *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010) (upon which *Simmons* relied), that case has not been made retroactive to cases on collateral review.

In his Reply [DE-47], Yarborough explains that he does not claim his motion is timely under § 2255 (f)(3) in light of *Carachuri-Rosendo*, but, rather, he contends the limitations period began to run when *Simmons* itself was decided. Specifically, Yarborough explains that he relies on § 2255(f)(4), which provides that the statute of limitations runs one year from "the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence." Pursuant to § 2255(f)(4), "facts" include rulings and the legal consequences of known facts." *Johnson v. United States*, 544 U.S. 295, 308 (2005). Where the petitioner is diligent by taking "prompt action . . . as soon as he is in a position to realize that he has an interest in challenging the prior conviction, § 2255(f)(4) provides the applicable statute of limitations period." *Id.; see also United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003) (applying one year limitation period under § 2255 (f)(4), holding that invalidation of prior conviction served as a "fact supporting the claim").

The facts supporting Yarborough's claim became discoverable for purposes of challenging his conviction under § 2255 on the date *Simmons* was announced by the Fourth Circuit Court of Appeals, sitting *en banc*, on August 17, 2011. On that date, and no earlier, the about-face in circuit precedent affecting the legal consequences of Yarborough's prior North Carolina felony convictions first provided the ground for challenging his federal sentence; Yarborough could not have raised a credible challenge to his sentence prior to that date. It would constitute a manifest injustice to deny the relief Yarborough seeks in the exercise of due diligence. The court deems the instant motion to have been timely filed under § 2255(f)(4).

3

Case 5:07-cr-00270-F   Document 48   Filed 05/08/12   Page 3 of 4

II. <u>Waiver</u>

The Government has not argued that Yarborough waived his right to collaterally attack his sentence. In the interests of justice and absent an objection by the Government, the court finds that Yarborough's waiver in ¶ 2c of his plea agreement does not bar the instant motion and relief.

## CONCLUSION

Accordingly, the Government's Motion to Dismiss [DE-46] is DENIED. Yarborough's Motion to Vacate, Set Aside or Correct his Sentence is ALLOWED, and the judgment entered herein on May 13, 2008 [DE-26] is AMENDED to reflect that Yarborough's Total Offense Level is 31 (base offense level of 34, minus three points for acceptance of responsibility), and his criminal history category is II, resulting in an advisory USSG range of 121-151 months. A 30% downward departure from the bottom of that range yields a sentence of **85 months**. The Clerk of Court is DIRECTED to prepare an Amended Judgment reflecting this correction of Yarborough's sentence pursuant to 28 U.S.C. § 2255 and *Simmons*. No reduction is appropriate in the $100 special assessment, or the $4,000 restitution previously ordered.

SO ORDERED.

This, the 8th day of May, 2012.

_____
JAMES C. FOX
Senior United States District Judge