No. 5:07-CR-00270-F-1
No. 5:11-CV-00568-F

| | |
|---|---|
| SANDY RAY YARBOROUGH, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-44] Sandy

Ray Yarborough's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255

[DE-36]. Also before the court is Yarborough's Motion to Reconsider [DE-70]. The issues have

been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the

Government's Motion to Dismiss is ALLOWED and Yarborough's Motion to Reconsider is

DENIED.

## I. Factual and Procedural Background

On September 13, 2007, Yarborough was charged in a five-count indictment. *See*

Indictment [DE-3]. In Count One, Yarborough was charged with conspiracy to distribute and

possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500

grams of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Yarborough with

possession with intent to distribute more than 5 grams of cocaine base (crack), in violation of 21

U.S.C. § 841(a)(1). In Count Three, Yarborough was charged with being a felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Counts Four and Five charged

Yarborough with distribution of more than 5 grams of cocaine base (crack), in violation of 21

U.S.C. § 841(a)(1).

Yarborough's arraignment was held on February 4, 2008. At his arraignment, pursuant to a written plea agreement [DE-22], Yarborough pled guilty to Count One. It was agreed that Counts Two through Five would be dismissed at sentencing. [DE-22] at 7.

On May 13, 2008, the court held Yarborough's sentencing hearing. Yarborough was sentenced to 180 months' imprisonment on Count One. *See* Judgment [DE-26]. Yarborough did not appeal his conviction or sentence.

Yarborough filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36] on October 18, 2011. In his section 2255 motion, Yarborough's sole argument is that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is no longer a career offender.

On January 20, 2012, the Government filed a Motion to Dismiss [DE-44]. In its Motion to Dismiss, the Government contends that dismissal is warranted because Yarborough's motion is untimely.

This court entered an order [DE-48] on May 8, 2012, in which it denied the Government's motion to dismiss and allowed Yarborough's section 2255 motion. The Government filed a Motion for Reconsideration [DE-51]. On May 18, 2012, this court entered an order [DE-52] vacating the May 8, 2012 Order. The court noted that it intended "to review and reconsider its analysis of Yarborough's motion for relief [DE-36], and to enter a further order." [DE-52] at 1. On June 6, 2014, Yarborough filed a Motion to Reconsider [DE-70] in light of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).

On March 3, 2015, the Government filed a Response [DE-72]. In its Response, the

2

Government argues that Yarborough's claim is not cognizable and his claim is barred by the appeal waiver in his plea agreement.

## II. Discussion

### A. Section 2255 Motion

#### Yarborough's Claim is Barred By the Waiver In His Plea Agreement.

Yarborough's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Yarborough's plea agreement, which he signed and agreed to in open court, contains the following waiver:

To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the

3

time of the Defendant's guilty plea.

[DE-22] at 2. The court finds that Yarborough's waiver was both knowing and voluntary. Moreover, even if it were not, Yarborough is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Yarborough's claim that in light of *Simmons*, he is no longer a career offender does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Yarborough has waived the right to pursue this claim.

**B. Motion to Reconsider**

In his Motion to Reconsider [DE-70], Yarborough relies on the panel decision in *Whiteside*. In the panel opinion, the Fourth Circuit Court of Appeals held that a prisoner may use a section 2255 motion "to challenge a sentence that was based on the career offender enhancement . . . when subsequent case law reveals the enhancement to be inapplicable to him." 748 F.3d at 543. This initial opinion in *Whiteside* was vacated upon the grant of rehearing en banc on July 10, 2014. *See Whiteside v. United States*, 2014 WL 3377981 (4th Cir. 2014).

On rehearing en banc, the Fourth Court concluded that a petitioner could not invoke equitable tolling in support of a *Simmons* claim. *See Whiteside v. United States*, 775 F.3d at 186 (4th Cir. 2014) ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."). Yarborough cannot rely on *Whiteside* in support of his section 2255 motion. Consequently,

4

Yarborough's Motion to Reconsider is DENIED.

## III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-44] is ALLOWED,

and Yarborough's section 2255 motion [DE-36] is DISMISSED. Yarborough's Motion to

Reconsider [DE-70] is DENIED. The court concludes that Yarborough has not made the

requisite showing to support a certificate of appealability. Therefore, a certificate of

appealability is DENIED.

SO ORDERED.

This the _18_ day of March, 2015.

James C. Fox
Senior United States District Judge